UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MORELL B. OURS, JR                                         **JURY TRIAL**

      Plaintiff,

V                                                           CIVIL ACTION NO.

POHANKA AUTO NORTH, INC.
D/B/A SATURN OF MARLOW HEIGHTS

      Defendant.                               DECEMBER 9, 2008

COMPLAINT

**FIRST COUNT:**

    1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq*., and for violation of [COMAR] §11.12.01.14M (1)(a)(f)], and for violation of [COMAR] § 11.12.01.15 and for violation of [COMAR] 11.12.01.15 B.

    2.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

    3.  Plaintiff is a resident of town of Lanham, County of Price George's and State of Maryland.

4. Defendant Pohanka Auto North, Inc.  hereinafter referred to as ("Pohanka") is a domestic corporation doing business as Saturn of Marlow Heights with a place of business at 4601 St. Barnabas Road, Marlow Heights, MD 20748.

5. On or about November 11, 2008 plaintiff entered into a consumer transaction with defendant Pohanka to buy a 2007 Saturn, VIN - GZCZ63457S834198 for personal, family or household use.

6. At the time Pohanka sold the vehicle to Plaintiff, it failed to obtain Plaintiff's signature on the title certificate, as required by regulations under the federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Pohanka obtained Plaintiff's signature on the title certificate, as required, it would have disclosed to Plaintiff that the vehicle had previously been owned by a rental company, information which Pohanka wished to and did conceal from Plaintiff in order to obtain a better price.

7. Pohanka violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiff and by failing to obtain Plaintiff's signature on the title certificate, with intent to defraud.

8. As a result of Pohanka's violation of the MVICSA, Plaintiff did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiff know this, he would not have purchase the car or sustained the damages set forth herein.

9. Plaintiff has been damaged by Pohanka's actions.

**SECOND COUNT:**

10. The allegations of the First Count are repeated as if fully set forth herein.

11. Pohanka is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and is subject to all of the CPA's Provisions prohibiting unfair or deceptive trade practices including those in Md. Code Ann., Comm. Law §§ 13-303 and 13-301.

.    12. On or about November 11, 2008, Plaintiff entered into an agreement with Pohanka to purchase the vehicle described in ¶ 5, above and Pohanka failed to disclose that the automobile was a daily rental in violation of Maryland State Statutes, Regulation, and § 11.12.01.14 Department of Transportation, if fact, Pohanka  provided Plaintiff with a document entitled "Prior Use Acknowledgement" and obtained Plaintiff's signature without disclosing it was " used as a rental vehicle" with intend to defraud him.

13. Pohanka failed to provide the Plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show Plaintiff title at time of sale.

14. Based on information and belief Plaintiff was not provided a Copy of Instrument by Pohanka evidencing the Contract of Sale prior to delivering the motor vehicle to Plaintiff. In violation of [CMAR] §11.12.01.15 B.

15.  Plaintiff inquired of Pahanka prior to purchasing the vehicle as to prior warranty work and was advised it was minimal, when in fact based on information and belief there were Twenty Two (22) trouble codes that are outstanding on the vehicle including the Oxygen Sensor, transmission overheating and power train problems.

16. Plaintiff has been damaged by Pahanka's actions.

WHEREFORE, it is respectfully prayed that this Court:

.        1.  Award plaintiff treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, costs and attorney fees on Count I.

2.  Award plaintiff actual damages, statutory damages, punitive damages and attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count II.

3.  Award plaintiff statutory damages for Violation of COMAR §11.12.01.14M (1)(a)(f) and §11.12.01.l15.B on Count II.

4. Award such other or further relief, including the return of the motor vehicle, as the Court deems just or equitable.

 

THE PLAINTIFF

BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com