```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| MORELL B. OURS, JR. | : |
| | : |
| v. | : Civil Action No. DKC-08-3325 |
| | : |
| POHANKA AUTO NORTH, INC. | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is a motion to dismiss the amended complaint by Defendant Pohanka Auto North, Inc. ("Pohanka") for lack of subject matter jurisdiction and for failure to state a claim. (Paper 15). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Pohanka's motion to dismiss will be granted.

**I. Background**

As alleged in the amended complaint, on or about November 11, 2008, Plaintiff Morell B. Ours, Jr. ("Mr. Ours") purchased a used 2007 Saturn motor vehicle from Pohanka. (Paper 9 ¶ 7). The vehicle was previously titled in the name of P.V. Holding Corporation, d/b/a "Avis Rent a Car", and was used in a rental car fleet. (*Id.* ¶ 9).

Mr. Ours alleges that Pohanka failed to provide him with the actual title certificate of the Saturn, as required for his examination and signature by the Motor Vehicle Information and Cost

Savings Act (the "Odometer Act" or the "Act"), 49 U.S.C. § 32705, and the National Highway Traffic Safety Administration ("NHTSA") Odometer Disclosure Requirements, 49 C.F.R. § 580.5. (Paper 9 ¶ 11). Instead, Mr. Ours signed a power of attorney and other transfer forms to convey title, rather than the actual certificate of title for the vehicle. (*Id.* ¶ 37).

On December 10, 2008, Mr. Ours filed a two count complaint alleging violations of the Odometer Act and Maryland state law. (Paper 1). Pohanka filed a motion to dismiss, or in the alternative, for summary judgment. (Paper 3). In response, Mr. Ours filed an amended complaint on behalf of himself and all others similarly situated on February 9, 2009, asserting two counts against the Dealership: a violation of the Odometer Act and a violation of a Maryland state law.[1] (Paper 9 ¶ 1, 2). On March 9, 2009, Pohanka moved to dismiss the Odometer Act claim for failure to state a claim, and the Maryland state law claim for lack of subject-matter jurisdiction. In response to Pohanka's motion, Mr. Ours concedes that his state law claim for injunctive under the Maryland Consumer Protection Act should properly be dismissed. For the following reasons, Mr. Ours' claim under the Odometer Act will

---

[1] When filing the amended complaint, Mr. Ours correctly noted that motions to dismiss or for summary judgment are not responsive pleadings, thus he may amend the complaint without leave of court. *See* Fed.R.Civ.P. 15(a)(1)(a). The amended complaint rendered moot Pohanka's initial motion to dismiss, or in the alternative, for summary judgment.

2

also be dismissed and the court will decline to exercise supplemental jurisdiction over any viable state law claims.

## II. Motion to Dismiss

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal

3

allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

**B.   Analysis**

**1.   The Odometer Act**

The Odometer Act begins with a statutorily defined statement of purpose: "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701(b). To effectuate these purposes, the Odometer Act prohibits tampering that would cause discrepancies between a vehicle's actual mileage and its odometer reading. 49 U.S.C. § 32703. In addition, the Act requires the written disclosure of a vehicle's mileage upon transfer and authorizes the Secretary of Transportation to prescribe the procedures for making the disclosure. 49 U.S.C. § 32705(a)(1).

Based on this delegation of authority, the NHTSA promulgated 49 C.F.R. § 580.5(c), which requires that each transferor of a

4

motor vehicle "shall disclose the mileage to the transferee in writing on the title." Moreover, the NHTSA requires that "[t]he transferee shall sign the disclosure statement . . ." *Id.* at § 580.5(f).[2]

The Odometer Act provides several methods for enforcing the NHTSA's regulations. Civil penalties up to $2,000 per violation are available, and the Attorney General or a state may seek injunctions for violations committed without any intent. 49 U.S.C. § 32709(a), (c), (d). The Act also provides a criminal penalty for persons who "knowingly and willfully" violate the Odometer Act or its regulations. 49 U.S.C. § 32709(b).

In addition to these public means of enforcement, the Odometer Act provides a private right of action. 49 U.S.C. § 32710. In creating a private action, Congress provided an additional requirement: "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, *with the intent to defraud*, is liable for 3 times the actual damages or $1,500, whichever is greater." (emphasis added).

---

[2] The term "disclosure statement" is substituted for "title" in 40 C.F.R. § 580.5(f) because there are two narrow exceptions where the dealer is not required to use the title certificate as its disclosure statement: (1) if the vehicle has not been titled or (2) if the title does not contain a space for the information required. *Id.* at § 580.5(g). In this case, neither exception is applicable, therefore, the required information must be in writing on the title certificate and signed by the transferee. 49 C.F.R. § 580.5(c), (f).

5

2.   **Interpreting the Odometer Act**

Pohanka argues that Mr. Ours' claim should be dismissed because he has failed to allege that the dealership tampered with, altered, or reset the odometer of the vehicle, or that it failed to provide a written disclosure of the vehicle's cumulative mileage. Pohanka insists that Mr. Ours has not alleged a violation of the Odometer Act, but rather alleges a fraud claim unrelated to the odometer, namely the alleged failure to disclose that the vehicle was previously a rental car.

Mr. Ours responds that the Odometer Act is to be applied broadly and vigorously to ensure accurate odometer statements and other pertinent information concerning motor vehicles. Mr. Ours asserts that he does not need to prove that Pohanka tampered with the odometer. Mr. Ours insists that a violation of the Act occurred when Pohanka failed to comply with the disclosure requirements. In support of his claim, Mr. Ours asserts that Congress could have, but did not, add language limiting the breadth of "with intent to defraud" to instances concerning the mileage of the vehicle. Mr. Ours contends that the failure to use limiting language indicates that Congress intended for the more expansive meaning to control.

Both parties heavily rely upon recent decisions from United States Courts of Appeal for the Seventh, Ninth, and Eleventh Circuits that have directly interpreted the meaning of "with intent

to defraud."  Although the circuit courts analyzed identical statutory language, the results are contradictory.[3]

The Seventh and Ninth Circuits have concluded that "[t]he Odometer Act creates a private right of action for violations of 49 C.F.R. § 580(c) only where a transferor chose not to disclose a vehicle's mileage to the transferee in writing on the title with the intent to defraud *as to the vehicle's mileage*."  *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 715 (7th Cir. 2005)(emphasis added); *accord Bodine v. Graco Inc.*, 533 F.3d 1145, 1154 (9th Cir. 2008).  In support of this position, the Ninth Circuit stated that in construing the statute, "the meaning of the language, plain or not, depends on context."  *See, e.g., Bodine*, 553 F.3d at 1151.  "Helpfully, Congress made clear its purpose: to prohibit odometer tampering and to protect consumers against the sale of vehicles 'with altered or reset odometers.'"  *Id.* (quoting 49 U.S.C. § 32701(b)).  Morever, the Odometer Act does not include language pertaining to prohibited acts unrelated to odometer fraud.  *See* 49 U.S.C. § 32703 (targeting physical odometer tampering); § 32704 (providing specific procedures for repairing and replacing

---

[3] Mr. Ours also relies upon *Yazzie v. Amigo Chevrolet, Inc.*, 189 F.Supp.2d 1245 (D. New Mexico 2001), and *Salmeron v. Highlands Ford Sales, Inc.*, 223 F.Supp.2d 1238 (D. New Mexico 2002).  These cases do not need to be addressed because their reasoning is reflected in the Eleventh Circuit's decision in *Owens v. Samkle Automotive Inc.*, 425 F.3d 1318 (11th Cir. 2005), which is discussed below.

7

odometers); § 32705 (requiring disclosure only of transferred vehicle's cumulative mileage).

In contrast, the Eleventh Circuit found "[n]o language limit[ing] the meaning of the clause 'with intent to defraud.'" *Owens v. Samkle Automotive Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). In *Owens*, the court reasoned that because the Odometer Act's plain and unambiguous language is presumed to express the Legislature's intent, courts should not read words into the statute that do not exist. Therefore, absent any limiting language, the statute's meaning is clear: the only necessary elements for a private cause of action pursuant to the Odometer Act are: (1) that the defendant violate the Act or its regulations, (2) with the intent to defraud.

The United States Court of Appeals for the Fourth Circuit addressed a predecessor statute in *Ryan v. Edwards*, 592 F.2d 756, 760 (4th Cir. 1979), and concluded that "both the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability, and value." One court cited to *Ryan* as an example of a case holding "that the intent to defraud giving rise to a private right of action must go to the mileage of the vehicle." *Nabors v. Auto Sports Unlimited, Inc.*, 475 F.Supp.2d 646, 650 (E.D.Mich. 2007). Subsequently, in *Tripp v. Charlie Falk's Auto Wholesale Inc.*, No. 01-2134, 290

8

Fed.App'x. 622, 2008 WL 3992464 (4th Cir. Aug. 29, 2008)(unpublished), the Fourth Circuit implicitly acknowledged that an actionable violation of the Odometer Act requires an intent to defraud pertaining to the concealment or tampering of a vehicle's mileage.[4]  In *Tripp*, customers alleged that a car dealer violated the Odometer Act when it disclosed the mileage on the Re-Assignment of Title form rather than on the actual vehicle title.  The plaintiffs asserted that there was a discrepancy in the mileage of the vehicle as stated on the title, which showed a reading of 67,149 miles, and the re-assignment of title form, which showed a reading of 67,154 miles.  The court explained that the car dealer did not hold the title to the vehicle in its name; instead, the car dealer obtained a written assignment of title from the title holder, Crestar Bank, and merely held the vehicle for resale.  When the vehicle was assigned to the car dealer, the title disclosed the mileage of the vehicle as 67,149.  Two weeks later, the car dealership disclosed the mileage to the Tripps on the Re-Assignment form as 67,154 miles.  This reading was taken after a short test drive by the Tripps.

Although the Fourth Circuit found that the Tripps lacked standing to assert a claim under the Odometer Act because ownership

---

[4] The district court specifically stated that "the intent [to defraud] that is relevant to [the Odometer Act] is the intent to deceive the transferee *about the accuracy of the mileage of the vehicle*." *Tripp v. Charlie Faulk Auto*, No. 00 CV 512, 2001 WL 1105132, *5 (E.D.Va. Aug. 22, 2001)(emphasis added).

of the vehicle remained in the name of the bank and, therefore, never transferred. The court explained that:

> the [Odometer Act] was envisioned to protect consumers from unscrupulous dealers who were intentionally trying to conceal a vehicle's mileage and take advantage of unsuspecting buyers who were relying upon those disclosures in assessing the safety and reliability of a vehicle. The facts and circumstances of this case do not present that situation.

*Id.* at 631.

Courts within this circuit have similarly rejected the theory that a violation of the Odometer Act can accrue for fraud unrelated to the accuracy of the odometer disclosure. For example, in *Mayberry v. Ememessay, Inc.*, 201 F.Supp.2d 687 (W.D.Va. 2002), the court held:

> Plaintiff cannot maintain a cause of action [under the Odometer Act] without evidence of intent to defraud as it relates to the purposes of the Act. *To hold otherwise would expand the meaning of the Federal Odometer Act so that almost any state-law claim for fraud would also be a violation of federal law*. Even the idea that there can be a "non-mileage violation" of an act whose central purpose is to ensure accurate reporting of mileage strains credulity. As stated above, while Plaintiff may have a claim for common-law fraud or other similar state claims, *she cannot graft her fraud claim onto a federal statute that was never intended to reach beyond the purposes stated in that statute*.

*Id.* at 695 (emphasis added); *see also Compton v. Altavista Motors, Inc.*, 121 F.Supp.2d 932, 942 (W.D.Va. 2000)(holding that "[a]lthough [plaintiff's] theory may show 'intent to defraud' in a general sense, because that intent does not have anything to do with fraud

involving mileage accuracy, it does not meet the test for establishing civil liability under the Act.").

Plaintiff's invitation to apply the "intent to defraud" element untethered from the context of the statute in which it appears stretches the plain meaning principle too far.  Here, Mr. Ours does not allege that Pohanka made any false or inaccurate disclosures concerning the actual disclosed mileage of the Saturn, nor is there any other allegation that Pohanka had any "intent to defraud" him regarding the accuracy of the disclosed odometer reading.  Mr. Ours has failed to allege any facts to show that Pohanka acted with the "intent to defraud" concerning the accuracy of the odometer reading. As previously noted, Mr. Ours' allegation that Pohanka withheld the certificate for reasons unrelated to mileage disclosure is insufficient to state a claim under the Act. Accordingly, Mr. Ours' claim under the Odometer Act will be dismissed.

   3.   **State Law Claims**

The only basis for federal jurisdiction was the Odometer Act claim that will be dismissed.  When the only basis for federal jurisdiction is eliminated this early in the litigation, it is appropriate to decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

11

### III. Conclusion

For the forgoing reasons, Pohanka's motion to dismiss for failure to state a claim will be granted as to count one. The remaining claims will be dismissed without prejudice. A separate Order will follow.

                                                  /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge